## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**TURNING POINT USA AT ARKANSAS**
**STATE UNIVERSITY; et al.**                                              **PLAINTIFFS**

**v.**                                      **Case No**.  3:17CV00327 - JLH

**RON RHODES; et al.**                                              **DEFENDANTS**

### FINAL SCHEDULING ORDER

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

**1.    TRIAL DATE**

This case is scheduled for **JURY TRIAL** before Judge J. Leon Holmes commencing at **9:15 a.m.** sometime during the week of **March 4, 2019**, in Courtroom #324, in **Jonesboro**, Arkansas.  If counsel wish to bring electronic devices to the courthouse for any proceeding, please note Amended General Order No. 54.

**2.    DISCOVERY**

Discovery should be completed no later than **December 20, 2018**.  The parties may conduct discovery beyond this date if all parties are in agreement to do so; but the Court will not resolve any disputes in the course of this extended discovery.  All discovery requests and motions must be filed sufficiently in advance of that date to allow for a timely response.  Witnesses and exhibits not identified in response to appropriate discovery may not be used at trial except in extraordinary circumstances.  The Court will not grant a continuance because a party does not have time in which to depose a witness, expert or otherwise.

Before presenting a discovery dispute to the Court, counsel must confer with opposing counsel in a good faith effort to resolve the dispute.  "Confer" means to have a conference, to talk with, to discuss: writing a letter or sending an email does not suffice.

If the parties cannot resolve a discovery dispute despite conferring in good faith, the dispute may be presented to the Court by motion pursuant to Fed. R. Civ. P. 37 or by letter to the Court, which may be sent by facsimile or email.  If the party seeking discovery presents the issue to the Court by letter, the opposing party may respond by letter to the Court within twenty-four (24) hours.  If the party seeking discovery files a motion pursuant to Rule 37, the opposing party may respond within seven (7) days.  If a hearing is needed, the Court will schedule one to be conducted by telephone or in person as soon as possible.

**3.    ADDITION OF PARTIES/AMENDMENT OF PLEADINGS**

Leave to add parties or amend pleadings must be sought no later than **August 1, 2018**.

**4.    STATUS REPORT**

A status report must be filed with the Clerk's office on or before **January 3, 2019**.  The report must include the date and results of any settlement conference, the settlement prospects, and an estimate of the length of trial.

**5.    MOTION DEADLINE**

Motions for summary judgment, and all motions, except motions in limine, must be filed on or before **January 3, 2019**.  Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Local Rules 7.2 and 56.1.  Motions in limine must be filed on or before **February 19, 2019** and responses must be filed

seven (7) days thereafter. *Daubert* motions must be filed on or before **January 3, 2019**. Motions submitted after the deadline may be denied solely on that ground.

Local Rule 7.2(b) provides: "Within fourteen (14) days from the date copies of a motion and supporting papers have been served upon him, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Any reply to a response to a motion must be filed within seven (7) days of service of the response. The Court may or may not wait on the filing of a reply before ruling on the motion. Summary judgment motions, as well as other motions, will be subject to the times stated in this paragraph.

**6.     PRETRIAL DISCLOSURE SHEET [FED.R.CIV.P. 26(a)(3)]**

Pretrial disclosure sheets must be filed simultaneously by the parties according to the outline contained in Local Rule 26.2 with copies to the Courtroom Deputy, Cory Wilkins, and opposing counsel no later than **February 11, 2019**. That witnesses and exhibits must be listed on the pretrial information sheet does not relieve a party of the obligation to provide the names of witnesses and exhibits in response to discovery requests.

**7.     DEPOSITIONS TO BE USED AT TRIAL OTHER THAN FOR IMPEACHMENT**

The proffering party must designate the pertinent portions of a deposition to be used as evidence at trial by **February 12, 2019**. Counter-designations must be made by **February 22, 2019**. These designations need not be filed with the Court but should be exchanged by the parties. Objections to any deposition or videotapes that will be used at trial must be made by written motion indicating the specific objection and its legal basis by **February 25, 2019**, with the response due **March 1, 2019**. Depositions to be read at trial must be marked as exhibits.

**8.     JURY INSTRUCTIONS AND STATEMENT OF CASE**

The parties must confer regarding the proposed instructions in an attempt to narrow areas of disagreement and must submit an AGREED set of instructions on specific issues in the case to the Court on or before **February 22, 2019.** Standard instructions from AMI, Eighth Circuit or Federal Jury Practice and Instructions (5th Edition), as applicable, should be used whenever possible and should be noted at the end of each instruction. NOTE: DO NOT include the standard opening and closing instructions. A party requesting an instruction that cannot be agreed upon must submit that instruction to the Court and to opposing counsel, setting out the disagreement by the same date. Instructions may be submitted in WordPerfect format electronically to jlhchambers@ared.uscourts.gov.

Each party must submit to the Court by that same date a concise statement of the case, no more than one page in length, that it proposes would be proper to read to the panel of venire persons during voir dire, and also any proposed voir dire questions it wishes the Court to pose to the panel.

**9.     STIPULATIONS**

The parties should stipulate in writing to the facts not in controversy seven (7) days before the trial date.

**10.    INTRODUCTION OF EXHIBITS**

All exhibits must be listed on the enclosed form in numerical sequence. Exhibits must be made available to all parties and reviewed by counsel prior to the trial date. The lists must be submitted to the Courtroom Deputy thirty (30) minutes before the beginning of trial, with notations made on the Court's copy noting exhibits to which there is an objection. The Court will receive all stipulated exhibits at the beginning of the trial.

**11.     CONFLICTS OF INTEREST**

Counsel must promptly check the Court's list of financial interests on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal.  If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, bring that fact to the Court's attention immediately.

Please communicate with Cory Wilkins, Courtroom Deputy, at 501-604-5384 to ascertain your position on the calendar as the trial date approaches.  In the event of settlement, advise Mr. Wilkins immediately.  The case will not be removed from the trial docket until an order of dismissal has been entered.

Dated: Thursday, April 26, 2018

> AT THE DIRECTION OF THE COURT
> JAMES W. McCORMACK, CLERK
>
>
> By: /s/ Cory Wilkins
>       Courtroom Deputy

# M E M O R A N D U M

TO:          Lawyers

FROM:      Judge Holmes

RE:          Guidelines for Jury Trials


Please keep in mind the following:

1.  In cases where there is a jury demand, twelve (12) jurors will be impaneled.  Parties will stipulate to trying case to conclusion to juries surviving down to six (6) jurors.

2.  Be prepared, during the court portion of the voir dire, to stand and call out the names of each of your witnesses, as well as your client(s) or representative of your party.

3.  Lawyers will be permitted to voir dire the jury with these guidelines:

    a.  Ask questions of the entire panel, unless there is a reasonable ground for singling out an individual juror.

    b.  Do not use voir dire to argue the case or commit the jury to your theory of the case.

    c.  If you want to challenge a juror during voir dire, please feel free to request a bench conference to make the challenge.

    d.  If there are questions you would prefer that the Court ask, please advise.

    e.  Batson challenges: party whose strike is overruled by Batson challenge will be given another strike.

4.  Objections and motions in front of the jury should be spare and to the legal point.

5.  Speaking objections and sidebar comments are inappropriate.

6.  Please stand when you speak.

7.  Do not "submit" a witness as an expert.  When you think you have established a witness's qualifications, start your substantive questions.  Opposing counsel can object, or ask to take the witness on voir dire regarding qualifications.

8. The federal rules of procedure restrict the publication of certain personal data in documents filed with the court. The rules require limiting Social Security, taxpayer identification, and financial account numbers to the last four digits; using only initials for names of minor children; and limiting dates of birth to the year.

However, if such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

9. Jury Instructions:

   a.    Instructions proposed by each party prior to trial, pursuant to the Court's Scheduling Order, are considered by the Court in formulating the Court's own set of Proposed Instructions, but are not considered proffered instructions which become part of the record.

   b.    Prior to the on-the-record instruction conference with me, the law clerk assigned to the case may review the Court's proposed set of instructions with lawyers for both parties. Lawyers may relate any objections or requests for modifications or additional instructions to the law clerk at this time in attempting to work out any problems prior to the final instruction conference; however, lawyers are responsible for making objections and proffering any changes or additional instructions that they wish to become a part of the record during the on-the-record instruction conference.

   c.    In all civil cases, Court will instruct before arguments.

10. Stipulate to all exhibits about which there is no dispute and which exhibits can be used   during opening statements.

11. Arrange for appearance of witnesses so that it will not be necessary to adjourn before 5:00 p.m. for lack of available witnesses.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

_____

PLAINTIFF

**v.**                                            **Case No**. <u>3:17CV00327 - JLH</u>

_____

DEFENDANT

**WITNESS LIST FOR** _____
Plaintiff/ Defendant

| Date | Witness No. | Witnes Name | Direct | Cross | Redirect | Recross | Further Redirect | Further Recross |
|------|-------------|-------------|--------|-------|----------|---------|------------------|-----------------|
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |
|      |             |             |        |       |          |         |                  |                 |

**Page 1 of ___ Pages**

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

_____      _____EXHIBIT LIST

PLAINTIFF

**v.**

_____      **Case No**. <u>3:17CV00327 - JLH</u>

DEFENDANT

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| **HON.  J. LEON HOLMES** | | |
| TRIAL DATE(S) | COURT REPORTER | COURTROOM DEPUTY |
| | **GENIE POWER** | **CORY WILKINS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Pltf. No. | Deft. No. | Date Offered | Object. | Stip. | Received | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Page ___ of ___ Pages