UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TURNING POINT USA
AT ARKANSAS STATE
UNIVERSITY, ET AL.                                                                                    PLAINTIFFS

V.                                  3:17-cv-00327-JLH-JTR

RON RHODES, ET AL.                                                                                    DEFENDANTS

### ORDER

On August 23, 2018, United States District Judge J. Leon Holmes entered an Order of Referral of a discovery dispute in the above-captioned case. *Doc. 24*. The dispute arises from Plaintiffs' Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents.

On August 22, 2018, Defendants' counsel provided Judge Holmes with a letter explaining the alleged deficiencies in Plaintiffs' discovery responses:

> *First*, Plaintiffs refused to produce documents sought by Defendants that are not in the Plaintiffs' alleged possession, custody, or control, but are in the possession, custody, or control of a non-party, "TPUSA-National." According to Plaintiffs, "TPUSA-National" is a separate "incorporated national organization" that is *not* a party to this lawsuit. (Plaintiffs' Responses to Defendants' Requests for Production Nos. 2, 4, 5, 7, 10, 11, 13, and 14, and Interrogatory Nos. 4 and 5).
>
> *Second*, Plaintiffs' refused to produce documents described in Defendants' Requests for Production No. 12 because the documents are not relevant and, in any event, none of those documents are in the possession custody and control of Plaintiffs, but, instead, are documents

1

that belong to Plaintiffs' counsel and that were created for a lecture or seminar he gave before he entered into an attorney client relationship with Plaintiffs.

*Third*, Plaintiff's nonresponsive and incomplete answer to Defendants' Interrogatory No. 1, which requested specific information about the students or other individuals who are past or present members of TPUSA at Arkansas State University ("TPUSA-ASU").

*Fourth*, Plaintiffs' failure to provide a privilege log of all documents or communications that Plaintiffs' counsel withheld from production, in response to Defendants' Interrogatory No. 3 and Request for Production Nos. 8, 9, and 14, on the grounds the documents were either work product or within the attorney-client privilege.

On August 24, 2018, Plaintiffs' counsel provided me with a letter responding to Defendants' counsel's August 22, 2018 letter. On August 29, 2018, Defendants' counsel provided me with a letter in reply to Plaintiffs' counsel's August 24, 2018 letter.

After reviewing all of the pleadings, the parties' relevant discovery papers, and their letters explaining and narrowing the matters that still remain in dispute, the Court rules as follows:

**I. Request for Production Nos. 2, 4, 5, 7, 10, 11, 13, and 14 and Interrogatory Nos. 4 and 5.**

It appears to me that Plaintiffs have provided Defendants with all documents and information, "within the possession, custody, or control" of TPUSA-ASU and Ashlyn Hoggard that are responsive to the above numbered requests for production

of documents and interrogatories. If I am incorrect and all of those documents have not been provided to Defendants, Plaintiffs must do so within seven (7) days of today's date, September 4, 2018.

Plaintiffs object to producing documents within the possession, custody, and control of TPUSA-National because they have no "right, authority, or practical ability to obtain the documents from a nonparty to the action." *New Alliance Bean and Grain Co. v. Anderson Commodities, Inc.*, No. 8:12CV197, 2013 WL 1869832, at *3 (D.Neb. May 2, 2013) (quoting *In re Hallmark Capital Corp.*, 534 F.Supp.2d 981, 982 (D.Minn. 2008)).

According to Defendants, Plaintiffs' attempt to distinguish between TPUSA-National and TPUSA-ASU only began after discovery commenced. In support of their position, Defendants point to paragraphs 16 and 17 of Plaintiffs' Complaint:

> 16. Plaintiff Turning Point USA at Arkansas State University ("TPUSA") is an unincorporated expressive association comprised of Arkansas State University students.
>
> 17. TPUSA is a national, non-partisan organization with chapters at public and private universities throughout the country.

Doc. 1, p. 3.

After reading the entire Complaint, in the context of the parties' discovery papers and other pleadings, I conclude that, while paragraphs 16 and 17 are inartfully

pled, those two paragraphs cannot be fairly construed to mean that TPUSA-ASU and TPUSA-National are one and the same entity. In paragraphs 6, 16, and 21 of the Complaint, Plaintiffs make it clear that Plaintiff Ashlynn Hoggard: (1) "began the process of forming Plaintiff [TPUSA-ASU] as a student group at ASU;" (2) TPUSA-ASU is "an unincorporated expressive association comprised of ASU students;" and (3) "Ashlyn is the founding member of TPUSA student club at ASU."

Based on Plaintiffs' counsel's *pro hac vice* motion, and Defendants' counsel's August 22, 2018 letter, TPUSA-National appears to be a 501(c)(3) non-profit corporation.[1] In contrast, TPUSA-ASU is, at best, a student group or organization with a loose affiliation or ties to TPUSA-National.[2] Importantly, TPUSA-ASU is a

---

[1] Defendants' August 22, 2018 letter to the Court provides a link to an article which states that TPUSA-National is a 501(c)(3) nonprofit corporation. The article mentions a "Campus Victory Project brochure" that names more than 54 colleges and universities where TPUSA-National claims to have helped "effectuate student government victories in the 2016-17 year." Arkansas State University is listed at the conclusion the article (on what is ostensibly a TPUSA-generated document) under the heading "Full 2016-2017 Victories." https://www.newyorker.com/news/news-desk/a-conservative-nonprofit-that-seeks-to-transform-college-campuses-faces-allegations-of-racial-bias-and-illegal-campaign-activity.
 Defendants argue that TPUSA-National's activities at ASU, which allegedly resulted in "full victory," undermines the claims of TPUSA-ASU and Ashlynn Hoggard that Defendants have interfered with their free speech rights and prevented them from promoting their message on campus.

[2] "Chapters" of TPUSA-National cannot host a speaker without approval from TPUSA-National Headquarters. Additionally, chapters are required to submit "End of Year Activity Reports" and remain in contact with TPUSA regional or field directors on a regular basis. Finally, chapters are prohibited from endorsing or campaigning for any political candidates.
 Based on the facts now before the Court, it is murky, at best, whether TPUSA-ASU has achieved "Chapter" status or even existed as a "student organization" at the time Ashlyn Hoggard alleges her First Amendment rights were violated.

party to this lawsuit and TPUSA-National is *not*. While TPUSA-National may or may not exert some control or influence over Plaintiff TPUSA-ASU, nothing currently before me suggests that TPUSA-ASU has any control over or practical ability to obtain documents from TPUSA-National.

In Defendants' August 29, 2018 letter, they urge me to evaluate the eleven factors cited by Judge Brooks, in *Murphy v. Gospel for Asia, Inc.*, 2018 WL 2676681 (June 4, 2018), to determine whether TPUSA-ASU can be compelled to produce documents in the possession, custody, and control of a nonparty like TPUSA-National.[3] After evaluating these factors, in the context of the scant facts now in the record, I conclude that TPUSA-ASU does not have the requisite "effective control" over TPUSA-National to compel TPUSA-ASU to produce those documents:

> (1) TPUSA-National is a national non-profit corporation while TPUSA-ASU may or may not be an unincorporated "expressive association" comprised of ASU students.

> (2) While TPUSA-National believes it scored a First Amendment victory on the ASU campus by, through, or on behalf of TPUSA-ASU,

---

[3] The eleven factors to be evaluated are as follows: (1) the corporate structure of the party/non-party, (2) the non-party's connection to the transaction at issue in the litigation, (3) the degree that the non-party will benefit from the outcome of the case; (4) whether the related entities exchange documents in the ordinary course of business; (5) whether the nonparty has participated in the litigation; (6) common relationships between a party and its related nonparty entity; (7) the ownership of the non-party; (8) the overlap of directors, officers, and employees; (9) the financial relationship between the entities; (10) the relationship of the parent corporation to the underlying litigation; and (11) agreements among the entities that may reflect the parties' legal rights or authority to obtain certain documents. *Murphy v. Gospel for Asia, Inc.*, 2018 WL 2676681 (June 4, 2018) (citing *Flame S.A. v. Indust. Carriers, Inc.*, 39 F.Supp.3d 752, 759 (E.D. Va. 2014).

it is entirely unclear how TPUSA-National "will benefit from the outcome of this case."

(3) TPUSA-National is not a party to this litigation, and its only involvement appears to arise from one of its employees, Emily Parry, being present at ASU during the incident giving rise to the Complaint.

(4) As between TPUSA-National and TPUSA-ASU, there appear to be no overlapping personnel or finances.

(5) Nothing in the TPUSA-National handbook suggests that any of its "Chapters" can act on its behalf or have any legal authority over the documents that are within the possession and custody of TPUSA-National.

While TPUSA-ASU seems to make use of the TPUSA trademark, and Ms. Parry, a TPUSA-National employee, was present during the incident giving rise to this lawsuit, these facts fall far short of demonstrating any practical ability on the part of Plaintiff TPUSA-ASU to obtain and produce any documents that are within the custody and control of TPUSA-National.

Accordingly, Defendants' request to compel Plaintiffs to produce documents or information that are in the possession, custody, and control of TPUSA-National is denied. However, because the documents and information sought in those Requests for Production and Interrogatories are relevant or may lead to the discovery of other relevant documents and information, Defendants may properly serve TPUSA-National with a subpoena duces tecum, pursuant to Rule 45 of the *Federal*

*Rules of Civil Procedure*, and consider a Rule 30(b)(6) deposition of TPUSA-National.

Additionally, Defendants' August 20, 2018 letter states Plaintiffs' counsel represented to Defendants, in Initial Disclosures, that Ms. Parry could only be contacted *through him*. However, on August 10, 2018, he advised Defendants' counsel that, because Ms. Parry was no longer employed by TPUSA-National, he no longer represented her. Plaintiffs' counsel must, within seven days of the entry of this Order, provide Defendants' counsel with all of Ms. Parry's contact information, including her telephone number, physical address, email address, and where she is currently employed.[4]

## II. Request for Production No. 12

Defendants have also asked the Court to order Plaintiffs to turn over "all documents, recordings, and other materials" related to a speech or presentation given by *their attorney* in late 2017 at a TPUSA-National event in Florida entitled "Suing Your School 101." Plaintiffs' counsel objects on the grounds that the request for production is irrelevant, and appears calculated to harass him by seeking the notes, personal documents, and course materials he generated or used during his

---

[4] To the extent Plaintiffs' counsel seemed to be representing Ms. Parry, for purposes of this lawsuit, I assume he has all of her current contact information. If he does not, he must provide the last and best information available to him regarding Ms. Parry, her whereabouts, and how she can be contacted and located.

presentation at the TPUSA-National event. Additionally, he states that neither Plaintiff TPUSA-ASU nor Plaintiff Hoggard have *any documents* responsive to Request for Production No. 12.

In their August 29, 2018 Reply, Defendants argue that they are only seeking "handouts, flyers, posters, PowerPoint presentations and the like" regarding a public presentation at a TPUSA-National sponsored event in West Palm Beach, Florida. Defendants claim it is possible that ASU students attended the presentation because Ms. Parry is overheard, during her visit to the ASU campus on October 11, 2017, inviting ASU students to attend the upcoming event in Florida.

The record is unclear on whether Ms. Hoggard or anyone else affiliated with TPUSA-ASU attended the TPUSA-National event in Florida. However, Plaintiffs' counsel has unequivocally stated that Plaintiffs' do *not* have any documents responsive to Request for Production No. 12. I am unaware of any law supporting Defendants' position that Rule 34 is an appropriate discovery vehicle to compel Plaintiffs' counsel to produce *his own personal documents*, all of which he created *before* he entered into an attorney-client relationship with Plaintiffs.

III. **Interrogatory No. 1**

Defendants have requested information regarding past and present members of TPUSA-ASU:

> INTERROGATORY NO. 1:
> Please state the names of current and former members of TPUSA at Arkansas State University, including but not limited to, the members on October 10, 2017, when the allegations of paragraphs 102 and 103 of plaintiff's Complaint are alleged to have occurred; and for each person identified, please state their address, telephone number, and email address, as well as his/her dates of membership.
> RESPONSE:
> The following individuals expressed interest in becoming a member of TPUSA at Arkansas State University: Joel Haynes, Hannah Malone, Garret Harlow, Anna Tietz, Alyson Floyd, and Carson Constant.

Plaintiffs' response to Interrogatory No. 1 is ambiguous, nonresponsive, and creates at least the impression that TPUSA-ASU may have *no members*, apart from Ms. Hoggard. Instead of providing Defendants with the names of "members" of TPUSA-ASU, Plaintiffs have provided Defendants with the names of "individuals" who "expressed interest in becoming a member of TPUSA-ASU."

In their letter to the Court, Plaintiffs explained that they are working diligently to provide the information regarding TPUSA-ASU membership, but "[d]etermining 'membership' in an association of students during summer months is a complicated matter." Of course, this explanation fails to address how it is possible that Plaintiffs can easily provide the names of individuals who have "expressed interest in becoming a member of TPUSA-ASU" but not, *just as easily*, provide the names of the *actual members*, past and present, of that organization. I flatly reject Plaintiffs'

9

dissembling assertion that they have not yet provided the names of past and present members of TPUSA-ASU because it is "complicated." Finally, as noted earlier, Plaintiffs' failure, to date, to provide the contact information and names of past and present TPUSA-ASU member underscores my concerns about whether TPUSA-ASU actually existed at the time of the alleged First Amendment violations, and whether it is a proper party in the lawsuit.

Within seven (7) days of September 4, 2018, Plaintiffs are ordered to provide the names, telephone numbers, physical addresses, email addresses, and his/her dates of membership for each "current and former members of TPUSA at Arkansas State University, including but not limited to, the members on October 10, 2017."

## IV. Privilege Log

Finally, Plaintiffs' counsel has objected to providing Defendants with any documents or information protected by the attorney-client privilege and work product doctrine. Defendants have requested that Plaintiffs provide a privilege log of all such document being withheld on those grounds. Plaintiffs' counsel has represented that Plaintiffs "intend to produce" a privilege log within seven days of its August 24, 2018 letter to the court, which sets a due date August 31, 2018. In his August 29, 2018 letter, Defendants' counsel states that the date proposed date of August 31, 2018, is acceptable. Because I am confident that Plaintiffs' counsel has

complied with his own self-imposed August 31, 2018 deadline, this issue should now be moot.

IT IS SO ORDERED, this 4th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE