# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| **TURNING POINT USA AT ARKANSAS STATE UNIVERSITY**, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> **RON RHODES,** *et al.*, <br><br> Defendants. | Case No. 3:17-cv-00327-JLH <br><br> **Plaintiffs' Opposition to Defendants' Motion to Stay** |

After over a year of litigation, refusal to alter their policies through settlement offers, and on the eve of the dispositive motions deadline, Defendants move to stay this litigation in its entirety and indefinitely. The motion speculates that newly introduced legislation, if passed in its current form, might require them to alter their unconstitutional policies sometime in the future. Defendants' motion is based on multiple flawed and speculative notions, including 1) that the proposed legislation will ultimately become law, 2) that it will not be altered in the process, 3) that Defendants will revise their policies in response to the legislation in a way that resolves all issues in this case, and 4) that Ms. Hoggard and TPUSA-ASU will not be harmed or prejudiced by allowing the University to continue to subject them to unconstitutional speech restrictions while they wait for an uncertain legislative and potential policy revision at some uncertain date in the future.

1

Nothing is stopping Defendants from revising their policies right now to comply with the Constitution. Every day that they continue to enforce these policies is a day that Ms. Hoggard, TPUSA-ASU, and other students suffer further injury under an unconstitutional system. While seeking to stay and delay Plaintiffs' ability to seek relief from these policies, Defendants refuse to even suspend enforcement of their unconstitutional policies during their proposed stay.[1]

Defendants' motion to stay should be denied for at least three reasons: 1) staying this case will prejudice Ms. Hoggard and TPUSA-ASU who suffer ongoing violations of their First and Fourteenth Amendment rights under Defendants' policies, 2) Defendants will not suffer prejudice by a denial of stay, because they only speculate that they may address future remedies but do not even attempt to allege that the proposed legislation will remedy Plaintiffs' past harms, and 3) Defendants' motion is based entirely on speculation. Because Defendants have not suspended enforcement of their unconstitutional policies, and their motion does not even purport to address Plaintiffs' claims for past harm, even if each of Defendants' speculative predictions were accurate, a litigation stay would not further judicial economy; it would delay justice.

---

[1] Plaintiffs offered to agree to stay the case if Defendants would agree to stay enforcement of their speech zone and permit policies. Defendants refused.

**Argument**

**I. Staying this case will prejudice Plaintiffs who suffer ongoing violations of their First and Fourteenth Amendment rights under Defendants' policies.**

It is well established that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373 (1976); *see also Lowry v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 762 (8th Cir. 2008) (same). Defendants' policies restrict Ms. Hoggard's and TPUSA-ASU's ability to engage in the marketplace of ideas and subject them to an arbitrary and viewpoint-discriminatory enforcement system. *See* Pls.' Br. in Supp. of Mot. for Summ. J. 19-20, 31-35, ECF No. 41. Specifically, the University's Speech Zone Policy imposes the following restrictions: (i) all "speaking, demonstrating, or other forms of expression" must take place in one of seven small speech zones; (ii) prior permission must be obtained from the University before anyone is allowed to speak in any of the speech zones; (iii) use of the speech zones is limited to 8:00 a.m. to 9:00 p.m. Monday through Friday; and (iv) if a student desires to speak anywhere else in the outdoor areas of campus other than the speech zones, the student must obtain prior permission from the Vice President of Student Affairs or the Director of Student Development *at least 72 hours* in advance. *Id.* at 2-3. Furthermore, the Speech Zone Policy fails to establish any objective, content-neutral criteria to limit the discretion of the University officials. *Id.* at 19-21.

Despite the fact that Ms. Hoggard and TPUSA-ASU continue to be subject to these policies, Defendants argue that Ms. Hoggard will not be harmed by a

stay because TPUSA-ASU may use two tabling areas that are reserved for Registered Student Organizations. Defs.' Br. in Supp. of Mot. to Stay 3, ECF No. 32. This assertion assumes the ultimate issues in the case and ignores that 1) the policy still unconstitutionally limits both TPUSA-ASU's expression and its members' to those designated zones, and 2) those RSO spaces are only available for RSO expression, not individuals' expression. Thus, Ms. Hoggard and other students continue to be prohibited from "speaking, demonstrating, or [engaging in] other forms of expression" anywhere on campus without receiving a permit from the Vice President of Student Affairs or the Director of Student Development *at least 72 hours* in advance.

In sum, a stay will prejudice the student organization and Ms. Hoggard by delaying their access to justice and continuing to subject them to the enforcement of arbitrary and unconstitutional policies.

**II. Defendants will not suffer prejudice by a denial of stay because dispositive motions have already been filed and the proposed legislation does not address Plaintiffs' claims for harms inflicted by the unconstitutional policies.**

Although staying this case *would* prejudice the students, denying Defendants' motion would not prejudice Defendants. Discovery has closed. Cross-motions for summary judgment have been filed. Completing the briefing on motions for summary judgment is not prejudicial to Defendants.

Furthermore, judicial economy would not be served by a stay. Defendants only speculate that they *may* be compelled by proposed legislation to change some of the policies challenged. Defendants' motion to stay entirely ignores

4

Plaintiffs' claims for past harm inflicted by Defendants' enforcement of the unconstitutional policies against Plaintiffs and does not allege that the proposed legislation will compensate Plaintiffs for that harm.

Whether policies are altered in the future or not, Defendants continue to insist that the harm already rendered to the students is permissible. *See* Defs.' Br. in Supp. of Mot. for Summ. J., ECF No. 36. Plaintiffs have a right to recover for that harm. Since Plaintiffs have a right to recovery for their past injuries as well as to seek future relief, a stay pending speculative future policy changes would be futile because it only (speculatively) addresses a portion of the relief sought. It does not remedy Plaintiffs' past harms.

Thus, denying Defendants' motion will not prejudice them since the case on the damages claims will proceed regardless of whether Defendants sometime in the future revise some of the policies under legislative compulsion. A stay would not further judicial economy; it would delay justice.

### III. Defendants' motion is based entirely on speculation.

Defendants' motion is based on unfounded speculation upon speculation. But, "[a] court should not decide a motion to stay based on a party's speculative concerns." *Sierra Club v. Fed. Emergency Mgmt. Agency*, Civ. A. No. H-07-0608, 2008 WL 2414333, at *7 (S.D. Tex. June 11, 2008).

Even if the proposed legislation is passed and becomes effective sometime in the future, and even if Defendants subsequently revise their speech suppression policy to comply with the Constitution, as noted above, Plaintiffs' claims for damages would not be mooted, and Ms. Hoggard, the student group,

5

and other students would be subject to ongoing violations of their First Amendment rights.

Furthermore, there is no guarantee that the legislation will pass in its current form, be signed, or when or whether Defendants may revise their policies in response. There is no guarantee that even if the legislation passes that Defendants will revise their policies in a manner that actually conforms to the Constitutional requirements. Indeed, Defendants currently argue that their policies constitute permissible time, place, and manner restrictions, and it is unclear if their position would change under the current text of the proposed legislation which permits viewpoint-neutral time, place, and manner restrictions. *See, e.g.,* Defs.' Br. in Supp. of Mot. for Summ. J. 19, 24, 29, ECF No. 36.

Plaintiffs have repeatedly offered settlement terms if Defendants will revise their policies, and Defendants have repeatedly refused. Plaintiffs have offered to consent to a stay pending the outcome of legislative action if Defendants would suspend enforcement of the unconstitutional policies. Defendants again refused. At this late hour, Defendants now ask the court to stay consideration of the students' motion for summary judgment, and this entire case, indefinitely, based on speculation and with no safeguard for Plaintiffs' rights in the interim.

Because a stay would prejudice Plaintiffs, maintaining the status quo does not prejudice Defendants, and a stay would only delay justice, not further

judicial economy, Plaintiffs respectfully request the court deny the motion to stay.

Respectfully submitted this 13th day of February 2019,

*/s/ Tyson C. Langhofer*
Tyson C. Langhofer*
Arizona Bar No. 032589
**Alliance Defending Freedom**
15100 N. 90th St.
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
tlanghofer@ADFlegal.org

David A. Cortman
Georgia Bar No. 188810
**Alliance Defending Freedom**
1000 Hurricane Shoals Rd. NE,
Suite D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Fax: (770) 339–6744
dcortman@ADFlegal.org

Jonathan Larcomb*
Virginia Bar No. 44274
**Alliance Defending Freedom**
440 First Street NW , Suite 600
Washington, DC 20001
Telephone: ((202) 393-8690
Fax: (202) 347-3622
jlarcomb@ADFlegal.org

Ethan C. Nobles
Arkansas Bar No. 95048
**Nobles Law Firm**
149 S. Market
Benton, AR 72015
Telephone: (501) 794-9742
Fax: (501) 641-7057
ethan @NoblesLawFirm.com

* Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2019, I electronically filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to the following attorneys of record:

    Delena C. Hurst
    Associate General Counsel
    Arkansas State University System
    501 Woodland Dr., #600
    Little Rock, AR 72201
    Telephone: (501) 660-1009
    dhurst@asusystem.edu

    Rodney P. Moore
    Wright, Lindsey & Jennings LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, AR 72201
    Telephone: (501) 371-0808
    rpmoore@wlj.com

    Jeffrey W. Puryear
    Ryan M. Wilson
    Womack Phelps Puryear Mayfield & McNeil, P.A.
    P.O. Box 3077
    Jonesboro, AR 72403
    Telephone: (870) 932-0900
    jpuryear@wpmfirm.com
    rwilson@wpmfirm.com

    *Attorneys for Defendants*

    */s/ Tyson C. Langhofer*
    Tyson C. Langhofer
    *Attorney for Plaintiffs*